# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| BUTLER SERVICES INTERNATIONAL, INC., *et* ) | Chapter 11 |
| *al.*[1] ) | |
| ) | Case No. 09-11914 (KJC) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |
| ) | Re: Docket No. 557 |
| ) | |

## ORDER PURSUANT TO SECTIONS 105(a), 363, 365 AND 1112(b) OF THE BANKRUPTCY CODE, (A) APPROVING THE STIPULATION BY AND AMONG THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, MONROE CAPITAL MANAGEMENT ADVISORS LLC, AS AGENT FOR THE SECOND LIEN LENDERS, AND THE SECOND LIEN LENDERS, (B) AUTHORIZING THE CREDITORS' LIQUIDATION TRUST, (C) DISMISSING THE DEBTORS' CHAPTER 11 CASES, AND (D) GRANTING CERTAIN OTHER RELATED RELIEF

Upon the joint motion of Butler Services International, Inc., and its affiliated debtors and debtors-in-possession in the above captioned Chapter 11 cases (collectively, the "*Debtors*") and the Official Committee of Unsecured Creditors (the "*Committee*") pursuant to sections 105(a), 363, 365 and 1112(b) of the Bankruptcy Code, for an Order (i) approving the stipulation by and among the Debtors, the Committee and Monroe Capital Management Advisors LLC as agent (the "*Prepetition Second Lien Agent*") for Monroe Capital Advisors LLC and Garrison Investment Group LLC (collectively the "*Prepetition Second Lien Lenders*" and, together with the Prepetition Second Lien Agent, the "*Prepetition Second Lien Parties*") (the "*Settlement Stipulation*"), (ii) dismissing the Debtors' Chapter 11 cases, and (iii) granting certain related

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: Butler Services International, Inc. (1282); Butler International, Inc. (4321); Butler of New Jersey Realty Corp. (7593); Butler Service Group, Inc. (2289); Butler Publishing, Inc. (1211); Butler Telecom, Inc. (3416); Butler Utility Service, Inc. (8023); Butler Services, Inc. (5420); and Butler Resources, LLC (3504).

relief (the "*Motion*")[2]; and this Court having reviewed the Motion and having conducted a hearing on the Motion, at which time the Debtors and all parties-in-interest were given an opportunity to be heard; and it appearing that, pursuant to Fed. R. Bankr. Pro. 2002(a), the notice of the Motion having been given to (a) the United States Trustee for the District of Delaware, (b) counsel to the Prepetition Second Lien Parties, and (c) parties that have requested service of papers pursuant to Bankruptcy Rule 2002; and the Court finding that (A) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1335 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (B) notice of the Motion and the opportunity for a hearing thereon were adequate and appropriate under the circumstances and no other notice need be given, (C) the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein, and (D) the requested relief in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED, THAT:

1. The Motion is hereby GRANTED.

2. The Debtors and the Committee are hereby authorized to enter into the Settlement Stipulation and the terms of the Settlement Stipulation are ratified, confirmed and approved.

3. The Committee and the Prepetition Second Lien Parties are hereby authorized to enter into that certain CREDITORS' LIQUIDATION TRUST AGREEMENT (the "Liquidation Trust"), a copy of which is attached to the Motion as Exhibit 1, ~~and to take~~

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Stipulation.

~~all necessary steps to effectuate the terms of that agreement.~~ The Committee is authorized to transfer the money in the Distribution Reserve (or the right to receive the funds) to the Liquidation Trust pursuant to the Liquidation Trust Agreement. ~~The Liquidator is authorized to administer the Liquidation Trust and distribute the Trust Assets in accordance with the terms of the Liquidation Trust Agreement.~~

4. The Debtors are hereby authorized and directed to take all necessary steps to effectuate the transfer of all Estate Assets to the Prepetition Second Lien Agent for the benefit of the Prepetition Second Lien Lenders, other than (x) the Winddown Reserve to be retained by the Debtors as a gift, exclusively for the payment of Chapter 11 administrative claims pursuant to the Budget, and (y) the Distribution Reserve to be paid to the Committee or its successor or assign, as a gift (the "*Relinquished Assets*").

5. The Prepetition Second Lien Parties are hereby granted relief from the automatic stay to exercise rights and remedies to realize upon any and all of the Relinquished Assets without further application to, or order of, this Court.

6. The Debtors are authorized to use the Winddown Reserve in such amounts and for such items as set forth in the budget attached hereto as Exhibit A (the "Revised Budget") to pay the Budgeted sums, and are further authorized to resolve within the terms of the Revised Budget, in consultation with the Prepetition Second Lien Agent and without further order of this Court, any disputed Chapter 11 Administrative Claims. All amounts not ultimately used to pay the Budgeted sums shall first be used to fund the Distribution Reserve and the Debtors shall remit the balance, if any, to the Prepetition Second Lien Agent.

7. None of the Collateral, nor any Prepetition Second Lien Party, shall be subject to surcharge, pursuant to section 506(c) of the Bankruptcy Code or otherwise by the Debtors or any other party in interest.

8. Pursuant to section 1112(b) of the Bankruptcy Code, the Debtors' chapter 11 cases shall be and hereby are dismissed, except for Butler Services International, Inc. Case No. 09-11914, which shall be subsequently dismissed following the filing of an applicable Certification

9. The provisions of this Order, and the Settlement Stipulation, shall be binding upon and inure to the benefit of the Debtors, the Prepetition Second Lien Parties, the Committee, and their respective successors, trustees and assigns. Such binding effect is an integral part of the Settlement Stipulation and this Order.

10. The provisions of this Order and the authorizations contained herein, and any actions taken pursuant hereto, and any actions authorized and approved by this Court during the pendency of the Debtors' Chapter 11 cases shall survive entry of this Order.

11. This Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon the entry thereof.

12. To the extent there is any conflict between the provisions of this Order and the Settlement Stipulation, the provisions of this Order shall control.

13. This Court shall retain jurisdiction, notwithstanding the dismissal of these cases, for the purposes of enforcing the Settlement Stipulation and this Order and ruling upon final fee applications.

14. The Liquidator has the sole authority and the exclusive right to settle the claims of or with insurers arising under or related to the insurance policies and related agreements with Debtors at any time (collectively, the "Insurance Policies and Agreements") and enter into agreements with and grant releases to the insurers regarding their claims and/or [except for Butler Services International, Inc., Case No. 09-11914, which is not being dismissed,]

the Insurance Policies and Agreements. Except as provided in part (iv) hereof, all insurers are authorized and directed to pay Monroe Capital Management Advisors LLC as agent for the Prepetition Second Lien Lenders (instead of the debtors) any and all recoveries on account of all cash, collateral funds, return premiums, return deductible reimbursement funds, return loss deposit funds, return claim fees and any other proceeds (collectively, the "Recoveries") from any and all insurance policies and insurance programs where Butler International Inc. or any of its subsidiaries was a named insured; provided, however, that nothing herein in any way (i) alters, amends or impairs the rights and obligations of the insureds and the insurers under the Insurance Policies and Agreements including, but not limited to, the insurers' security interest in and lien on any and all collateral and/or security provided by any of the Debtors to any of the insurers to secure the Debtors' obligations thereunder, (ii) alters, amends or impairs the terms and conditions of the Insurance Policies and Agreements including, but not limited to, the insurers' right to draw upon and apply any and all collateral and/or security; (iii) requires the insurers to return recoveries other than pursuant to the terms of the insurance policies and agreements; and (iv) alters the terms of that certain Assumption and Assignment Agreement among ACE American Insurance Company, Butler America LLC and Butler International, Inc., dated as of July 6, 2009 including, but not limited to, the assignment of all of the Debtors' right, title and interest in and to certain insurance policies and agreements, deductible funds and proceeds thereof to the Butler America, LLC. Pending dismissal of these cases, the Debtors are authorized to execute and deliver, as requested by the Second Lien Parties, letters to such insurance companies notifying the insurance companies that the Prepetition Second Lien Agent (and any consultant retained by the

Prepetition Second Lien agent) is authorized to act on behalf of any of the Debtors in connection with all insurance matters and should be treated by such insurance companies in the same manner as employees of the insured.

15. The professionals retained by the Debtors and the Committee in these cases shall on or before April 20, 2010, file final fee applications covering all fees incurred during these cases through March 31, 2010, the Dismissal Order. A hearing to consider the Final Fee Applications shall be held by the Court on May 25, 2010, at 1:30 p.m. (the "Final Fee Hearing").

Dated: March 31, 2010

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge